THE STATE v. WILLIAM H. BELL alias J. W. CLARK, Appellant.

### (No. 2.)

**Division Two, May 19, 1908.**

1. **DEFENDANT UNDER SENTENCE: Trial and Conviction.** A defendant, who was at one term tried and convicted of a felony and sentenced, cannot be held in jail until the next term of court and then be tried and convicted of another felony. If the prosecuting attorney desires to prosecute him under separate informations each charging a felony, both prosecutions must take place at the same term, and if the defendant be found guilty in one, the sentence in that must be postponed until after trial and conviction in the other, or a conviction in such other cannot stand.

2. ———: ———: **No Objection.** If it is apparent from an examination of the records in the two separate cases that defendant was tried and convicted in one while he was under sentence in the other, the Supreme Court, notwithstanding no objection was made by him at the trial to such prior conviction and sentence, will reverse the judgment.

Appeal from Jackson Criminal Court.—*Hon. J. H. Slover,* Special Judge.

REVERSED AND REMANDED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

·GANTT, J.—This is an appeal from the judgment of the criminal court of Jackson county from a conviction of uttering a forged instrument knowing the same to have been forged and counterfeited, and a sentence of five years in the penitentiary thereon.

The evidence and facts in this case are precisely the same as those appearing in the companion case of State v. Bell, *ante,* page 111, and it is therefore unnecessary to reproduce the same. The information is the same except that in this case the forged instrument was of a different express money order, which was passed upon the firm of W. F. George & Company. The cause was tried by the court upon the same theory that was pursued in the other case and the court made the same rulings in regard to the cross-examination of the wife of the defendant and the rulings as to the requirements of the hypothetical questions propounded to the experts called in behalf of the defendant. Those rulings for the reasons given in State v. Bell, supra, must likewise be held to have been erroneous and the cause must be reversed and remanded for a new trial.

Counsel for the defendant did not present the objection that the defendant had already been tried and convicted and sentenced to the penitentiary at a former term of the court, and that therefore the court could not regularly put him upon trial at the April term, 1907, until he had either served his term of punishment under the conviction obtained at the January term, 1907, or that judgment had been reversed and the cause remanded for a new trial, but this is apparent upon the two records before us. It was said by this court in State v. Buck, 120 Mo. l. c. 496: "From the time of the conviction and sentence of the defendant in the first case he was in legal contemplation in a custody different from that of the circuit court, and could not be put upon his trial in another case until he had served out his time for which he had been sentenced in the first, or until the judgment and sentence in the first case had been set aside or reversed; until then it is to be deemed of full force and effect." In Ex parte Meyers, 44 Mo. l. c. 282, the court says: "The courts in this State have no common-law jurisdiction in felon-

ies, and the powers that they exercise are such as are conferred by statute only. . . . . There is no provision anywhere made, that I have been able to find, where separate sentences can be passed upon a prisoner, and he be subjected to more than one term of punishment, unless the different convictions were had at the same term, and both were obtained previous to the sentence. But there is no authority for convicting a prisoner of a felony at one term of the court, and regularly passing sentence upon him, and then remand him to jail until the next succeeding term, and again convicting and sentencing him for another felony." See, also, State v. Connell, 49 Mo. 282; Ex parte Jackson, 96 Mo. 116; Ex parte Allen, 196 Mo. l. c. 231. Accordingly the judgment and sentence in this court must be reversed and remanded for the errors noted in the companion case of State v. Bell, supra, and if the prosecuting attorney desires to prosecute the defendant on both of said informations both prosecutions must take place at the same term, and if the defendant be found guilty the sentence should be imposed after the conviction in both cases as required by our statute in such cases made and provided. Judgment reversed and cause remanded for new trial.

*Fox, P. J.,* and *Burgess, J.,* concur.