THE STATE v. JOHN H. BROWN, *alias* DE PRIEST, Appellant.

Division Two, November 19, 1921.

1. **SUFFICIENT EVIDENCE: Robbery: Alibi: Identification.** Testimony of a witness, clear and positive, that defendant held him up with a gun and robbed him of fifteen dollars; that when defendant stopped him he looked into his face and knew him well; that he had been going to a certain barber shop during the previous five years and often saw defendant there; that he afterwards identified defendant on the street as the man who had robbed him and had him arrested, and that he identified defendant in court as the man who had robbed him on the particular night; and the testimony of a policeman that, after he had arrested defendant, he called up the police station and learned that a report had been made on that

290 Mo.—12

particular night that the said prosecuting witness had come there and complained that he had been robbed of fifteen dollars, and that he then took defendant to said prosecuting witness's house and said witness identified defendant as the man who had robbed him, is sufficiently substantial to support a verdict of guilty, although four witnesses testify that at that very time defendant was at another place, and the report made by the prosecuting attorney to the police station named as the place of the robbery another place some distance from the actual place.

2. ———: ———: ———: **Substantial Evidence.** It is the peculiar province of the jury to determine the credibility of the witnesses, and they are not compelled to believe, nor the court required to believe for them, that the testimony of four witnesses tending· to establish an alibi for the defendant was true; nor is it the province of the court to reconcile minor discrepancies in the testimony of the witnesses, where there is substantial evidence to support the main charge contained in the information.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

(1) The conflict in the testimony of the prosecuting witness, Ben Levin, and Special Officer Geo. Lawless, as to the place of the alleged robbery, the former's knowledge of the identity of defendant at the time of the robbery and the lapse of time from same until the arrest of the latter, is tantamount to impeachment. (2) The testimony of a witness who has been impeached is no testimony at all, and cannot be considered when determining the question whether there is substantial evidence to sustain the verdict. State v. Francis, 199 Mo. 671. (3) The statement of the prosecuting witness to Special Officer Lawless, prior to the arrest of defendant, that he was robbed at Twenty-third and Franklin Avenue, and that prior to several days before the arrest of defendant when he saw the latter walking on the street near Eighteenth and Franklin Avenue, he had never before seen the defendant, is so inconsistent with and con-

trary to his testimony at the trial as to utterly destroy his credibility and demonstrate beyond peradventure that the verdict was the result of passion, bias and prejudice.

*Jesse W. Barrett,* Attorney-General, *Robert J. Smith,* Assistant Attorney-General, for respondent.

The evidence is sufficient for the case to go to the jury and the verdict should stand. State v. Underwood, 263 Mo. 685; State v. Bowman, 272 Mo. 498; State v. Maggard, 250 Mo. 340; State v. Concelia, 250 Mo. 420; State v. Taylor, 261 Mo. 228; State v. Rumfelt, 228 Mo. 452; State v. Sharp, 233 Mo. 295; State v. Fields, 234 Mo. 626.

RAILEY, C.—On March 19, 1920, the Assistant Circuit Attorney of the City of St. Louis, Missouri, filed, in the circuit court of said city, his verified information, charging therein that John H. Brown, *alias* De Priest, on December 27, 1919, at the City of St. Louis aforesaid, did feloniously make an assault on Ben Levin and rob him of $15, etc.

Defendant was formally arraigned, entered a plea of not guilty, was tried before a jury and, on April 27, 1920, a verdict of guilty was returned as follows:

"We, the jury, in the above entitled cause, find the defendant guilty of robbery in the first degree as charged in the information and assess the punishment at imprisonment in the penitentiary for five years."

The prosecuting witness, Ben Levin, a cutter for the Crawford & Meyer Cloth & Suit Company, at 9th and Washington Avenue, St. Louis, testified, in substance, that on December 27, 1919, about 8:45 p. m., he was walking to his home at 3200 Locust Street in said city; that when he got to 2900 Locust, the defendant stopped him there, and ordered him to go into the alley; that some one was walking with or near appellant just before this occurred; that defendant told Levin to raise his hands and stand still; that appellant then emptied the

pockets of Levin, and took therefrom $15 in money; that defendant had a gun pointed toward Levin, and after he had taken his money, told him to walk straight ahead and to stay in the alley. Levin testified, that he got a good look at Brown, and identified him; that he had seen Brown before and had known his name for a couple of years; that a few weeks later, he saw defendant on the street, and had him arrested; that he saw Brown walking on 18th and Franklin Avenue, and identified him as the man who robbed him; that he had seen defendant frequently at a barber shop at 1500 Franklin Avenue; that he reported the robbery to Officer Wells, but did not at that time, tell him defendant's name; that he had seen Brown many times at Leo's barber shop.

George J. Lawless testified, in substance, that he was a special police officer, and assisted in the arrest of Brown on February 17th, about eight o'clock p. m. at 1813 Franklin Avenue, which was near 905 North 15th Street, where appellant said he lived; that he was present when Levin first saw Brown after the arrest; that Levin identified defendant as the man who held the pistol at the time he was robbed; that Levin had told witness about being robbed at 23rd and Franklin Avenue; that when Brown was arrested, he said it was a mistake, that he did not know anything about it; that defendant requested witness to take him out to Levin's house; that when they reached there, defendant was identified by Levin; that Levin did not give defendant's name in his report to the police station.

Appellant testified, in substance, that he was sometimes called De Priest, because his mother had been married twice; that his name is John H. Brown; that he never used the name of De Priest as an *alias* to deceive anybody, or hide anything; that he did not, on the night of December 27, 1919, hold up Levin and take money from him on 29th and Locust Street; that he was at the Wiehe Furniture Store that night; that he arrived at the last named place close to 7:30 o'clock, maybe a little before or a little after; that he remained

there until 10:30; that he did not leave there between 7:30 and 10:30; that he remembered being at the Wiehe Furniture Store on the night of December 27, 1919, because he got a check that day for $175, and deposited it; that his bank book shows the deposit; that it was a part of his $265.50 of insurance money; that he and Mr. Doring talked about the check while he was in said store; that he exhibited his bank book showing the $175 deposit at that time. His attorney then asked this question:

"Q. Have you ever been convicted of any crime or offense? A. No, sir; never was."

Defendant's bank book was offered in evidence, showing the above entry.

On cross-examination of defendant, the following occurred:

"Q. You say you have never been convicted of a crime? A. No, sir.          .

"Q. Your name is John H. Brown, isn't it? A. Yes, sir.

"Q. And you are known also as *alias* De Priest? A. I have been; yes, sir.

"Q. And you are also known as Booby Brown, you are referred to as Booby Brown, and didn't you plead guilty on May 6, 1912, in Division No. 10 of this court, of assault to kill, and weren't you sentenced to one year in the city workhouse? A. I pleaded to malicious assault.   .   .   .

"By Mr. Reeder: Q. You plead guilty and you were sentenced to one year in the city workhouse, weren't you? A. Yes, sir, for assault to kill.

"Q. And on April 10, 1911, before that, in this courtroom, didn't you plead guilty to exhibiting a dangerous and deadly weapon, and weren't you sentenced to fifty days in the workhouse? A. What are the dates?

"Q. April 10, 1911. A. I think that is right.

"Q. What do you mean by saying you were never convicted of a crime? A. I misunderstood that.

"Q. You didn't think I had the record, did you? A. I never thought anything like that, I thought it was

about any theft or robbery, that is what I was answering, I didn't need to say. no.''

He said he was playing cards with other men at the Wiehe Furniture Store, on the night of December 27, 1919; that he could not remember other dates when he was playing cards at above store; that he remembers the date, because it was shortly after Christmas.

Eric Doring, Edgar Allison, Edward H. Rife and Harry Fox, each testified, in substance, that he was at the Wiehe Furniture Store on the night of December 27, 1919; that defendant Brown was there from 7:30 to 10:30 o'clock that night, and the above parties were playing cards; that Rife was balancing his books. Allison had known Brown about six years. Rife had known him about fifteen years, and Fox had known him about eight or nine years.

The foregoing covers substantially all the testimony in the case. The instructions and rulings of the court will be considered, as far as necessary, in the opinion.

The defendant, in due time, filed his motion for a new trial, which was overruled. After being duly sentenced in conformity to the verdict, defendant was granted an appeal to this court.

I. A single assignment of error is presented and discussed in appellant's brief, which reads as follows:

''The evidence is not substantial enough to sustain the verdict.''

It may be conceded that, unless the record contains *substantial* evidence tending to show defendant's guilt, it becomes our plain duty to reverse the case and discharge him from custody. [State v. Kelsay, 228 S. W. (Mo.) l. c. 756, and cases cited.]

We have made a very full statement of the facts heretofore, and it will only be necessary to refer to same as occasion requires.

The testimony of Ben Levin, the prosecuting witness, is clear and positive that about 8:45 p. m. on December 27, 1919, the defendant Brown, in the City of St. Louis, Missouri, held him up at the point of a gun,

and robbed him of $15. He testified, that as soon as defendant stopped him, he looked in Brown's face, and knew him well; that he had been going to Leo's barber shop at 1515 Franklin Avenue during the last five years, and had seen defendant Brown there many times; that immediately after the robbery he went straight to the Dayton Police Station and reported it; that he did not report the robbery as occurring at 23rd and Franklin Avenue; that he identified defendant after the robbery, as the man who held the pistol and took his money; that he recognized defendant, when the latter was brought to the house of witness by the officer; that he recognized defendant Brown at the trial of the case, as the man who robbed him on the night of December 27, 1919.

George J. Lawless, a special police officer, testified that he assisted in arresting defendant on February 17, 1919; that he was present when Levin first saw defendant after the arrest; that Levin then identified Brown at the man who held the pistol at the time of the robbery; that after the arrest of Brown, he (witness) called up the 9th district, where 23rd and Franklin is located, to find out if a report of the robbery had been made, and the ninth district said, Levin come in there on the night of the 27th and complained of being robbed of $15 at 23rd and Franklin Avenue.

Thereupon the State rested, and no demurrer to the evidence was interposed.

Doring, Allison, Rife and Fox each testified that defendant was with them at the store of the Wiehe Furniture Co. on the night of December 27, 1919; that he was with them from 7:30 to 10:30 o'clock that night.

The defendant denied that he robbed Levin, and alleged that he was with his friends at the store of the Furniture Company on the above date.

It was not a material issue as to whether Levin was robbed on Locust Street, or on 23rd and Franklin Avenue, except in so far as it affected his credibility. The jurors may have concluded that Levin was right, and the other testimony wrong, in regard to place of

robbery. They were more interested in determining whether defendant held up Levin at the point of a gun, in the city of St. Louis, Missouri, and robbed him of $15, on the night of December 27, 1919. The jurors may have concluded that on the last named date the sun set before five o'clock, and that the robbery occurred before defendant went to the furniture store, if he was there that night. The jurors heard these friends of defendant testify as to appellant's presence at the store that night, between 7:30 and 10:30 p. m., and may not have believed their testimony to be true. The jury may have believed that Levin was mistaken as to the place where he claimed to have been robbed, and yet may have been satisfied from the evidence that defendant robbed him of the $15 in said city, on above date. None of appellant's witnesses testified as to defendant's previous character. We are of the opinion that there was substantial evidence before the jury, tending to show that defendant was guily as charged in the information.

It was the peculiar province of the jury to pass upon the facts. The witnesses were present in court where the jury and trial court could hear them testify, and determine what weight should be given their testimony. There is nothing in the record to indicate that the jury was actuated by either passion or prejudice. On the other hand, it appears from the record that defendant received a fair and impartial trial before the jury. The judge who tried this case had the witnesses before him, and heard them testify. He overruled defendant's motion for a new trial and, in so doing necessarily held that he was convicted on substantial evidence. On the record before us, we do not feel that this court would be justified in reversing the case or remanding it for a new trial.

The above assignment of error is accordingly overruled.

II. Only one assignment of error is presented in appellant's brief, which has been disposed of in the preceding proposition, but as the motion for a new trial

complains of other alleged errors, we have carefully examined the record, as well as briefs of counsel, with the view of passing on same. We are of the opinion that the information is good; that the instructions given by the court fairly and properly declare the law that was necessary for the jury to intelligently pass on all the issues in the case; that no error was committed by the court during the progress of the trial of which defendant can legally complain; and that the defendant has been legally convicted upon substantial evidence after a fair and impartial trial.

**Other Assignments.**

The judgment of the trial court is accordingly affirmed. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.