THE STATE v. G. H. THOMPSON, Appellant.—1 S. W. (2d) 151.

Division Two, December 12, 1927.

*J. E. Rieger* for appellant.

*North T. Gentry,* Attorney-General, and *David P. Janes,* Assistant Attorney-General, for respondent.

WHITE, P. J.—In the Circuit Court of Adair County, February 18, 1926, the defendant was found and adjudged guilty of uttering a forged instrument, and his punishment fixed at two years in the State penitentiary. He appealed in due form.

The information charged that the defendant uttered and passed to one Bessie Fortney a forged and counterfeited check purporting to have been made by W. N. Walker, a fictitious person, drawn on the National Bank of Kirksville, Adair County.

Bessie Fortney testified for the State that October 3, 1925, she was employed in Moore's Bakery. The defendant came into the place, purchased some cinnamon rolls at the price of twenty cents and gave in payment a ten-dollar check, identified by her and put in evidence, drawn on the National Bank of Kirksville, payable to G. H. Thompson, signed by W. N. Walker, and indorsed on the back by W. N. Brown. She accepted the check and handed defendant the change. She knew the defendant; knew he was not Brown.

Upon presentation of this check to the bank payment was refused and notation made, "No account." When defendant returned to the bakery a week later Miss Fortney charged him with having passed the check. He denied it.

The cashier of the First National Bank of Kirksville testified that the maker of the check, W. N. Walker, was not a customer of the bank and had no deposit there.

Other evidence was offered by the State tending to show that no such person as W. N. Walker lived in that community. This will be noticed below.

The defendant swore he was not in the bakery the evening of October 3, 1925; that he never had the check; knew nothing about Walker or Brown; that the evening of October third he was making purchases at another store in town. He offered evidence in support of his statements. He had served overseas in the United States Army, and was twice wounded. It was also proved that he had served a term in the penitentiary for forgery.

At the conclusion of the State's case, and again at the close of all the evidence, the defendant demurred to the evidence and his demurrers were overruled. The case was submitted to the jury and a verdict of guilty returned.

I. Appellant assigns a number of errors in his motion for new trial, and in his amended motion, both filed in due time. These motions, in several forms, assign error to the action of the court in overruling the demurrers to the evidence and in failing to direct a verdict for the defendant.

He argues that a case was not made out because there was no evidence that the check in question was forged. The charge is under Section 3429, Revised Statutes 1919, which makes it a felony to utter, sell or exchange, etc., any falsely made, altered, forged or counterfeited note, check, bill or draft or other instrument, etc., the counterfeiting of which is by the last preceding section declared to be an offense. The preceding section (Section 3428) describes the crime of forgery.

Necessarily the instrument which is uttered, constituting a crime under Section 3429, must be a forged instrument. The precise point made by appellant is that there is no proof that W. N. Walker was a fictitious person, as charged. The evidence upon that point is this: Bessie Fortney testified that when defendant came into the bakery and offered the check to pay for cinnamon rolls, he gave his address as Route One, and she put it on the back of the check. He gave the address of Walker as Route Six, which she noted in pencil on the back of the check.

626

The sheriff testified that he made an investigation for the purpose of finding out whether a man lived in Adair County by the name of W. N. Walker. He found nobody who knew W. N. Walker. That was the extent of his investigation.

Ray Waddill, the postmaster, testified that he made a search of his postal records to see if he could find the name of W. N. Walker. He found no such name in his records.

The cashier of the bank, Roy Omar, testified that W. N. Walker had no account at the bank.

That was all the evidence offered by the State to prove that the name W. N. Walker was fictitious.

It has been held that evidence of the kind introduced is competent on such an issue, even though it is not extensive or exhaustive. [26 C. J. 963; State v. Stegner, 276 Mo. 1. c. 438.] There might very well be a man named W. N. Walker who would draw a check on a bank in which he had no funds. The fact that a check was so drawn would not be proof that there was no such person. The statement of the sheriff was somewhat vague and general. He does not say how extensive his investigation was. He made inquiries "around over town of fellows we thought might know." He was not cross-examined as to the extent of his knowledge.

The postmaster's testimony was more convincing. Appellant makes the point that no witness who lived on Rural Route Six testified that Walker was not on that route. True enough, a rural mail route is not like a street or road, by naming which one can fix the location of a resident on it. If it is asserted that a person lives on a certain highway or in a certain township, it is easy to ascertain whether the assertion is true, because the territory has fixed limits. A rural mail route drags an irregular trail from the town where the mail is distributed, across half the county, and some times does not stop at the county line. Anyone living within a convenient distance, or an inconvenient distance, may have a mail box on the mail carrier's course. The territory served has no fixed limits; no one on the route is likely to know everybody who gets mail on it because of the indefiniteness and extent of the territory.

But to say that one is "on" a rural route is to say he gets his mail there, because it is a mail route. He is located, not by the place where he lives but by the route on which he gets his mail. Miss Fortney testified that defendant "gave me Mr. Walker's address as Route 6." If that means anything, it means a designation of the place where Walker got his mail. When the postmaster of Kirksville swore that he found in his postal records no such name as W. N. Walker, that general statement necessarily included Route Six, and contradicted the defendant's statement to Miss Fortney. It was the only way to prove that Walker was not "on" the route. Appellant made no

attempt to show there was such a person as Walker. He stoutly denied passing the check, or any knowledge of it. The evidence was sufficient to authorize a submission of the question to the jury whether W. N. Walker was a fictitious name.

II. It is further claimed that the demurrer to the evidence should have been sustained because the check did not possess legal efficiency, if genuine. This, on the ground that the check is so nearly illegible as to make it impossible to identify the name of the payee as that of the defendant G. H. Thompson. Of course, the instrument which purports to be forged must have, if genuine, legal efficiency in order to make the act a crime. [State v. Cordray, 200 Mo. l. c. 31; State v. Jackson, 221 Mo. l. c. 504-505.]

The check is attached to the record. A photostatic copy, enlarged, is attached to the briefs. The name of the payee is vague, except the initials "G. H." are plain, and the first letter of the surname seems to be "T." This name might well be Thompson, carelessly written. The banker, Roy Omar, qualified as an expert on handwriting, examined the check, and swore the "G. H." was plain, but the rest was questionable. He was not sure.

Ray .Waddill, the postmaster, testified that he thought the name was Thompson. Defendant introduced one witness who testified that in his judgment it was not "Thompson" but "Johnson." The check was exhibited to the jury so that they might determine for themselves whether the name was that of Thompson, the defendant.

There are many signatures, even of prominent persons, at which handwriting experts would halt if asked whether each letter in the name was legible. All the writing in the check appears to be in the same hand. According to the testimony of Miss Fortney, the defendant himself produced the check as his own, therefore payable to himself. The evidence is sufficient from which the jury could find that the name written in the check, although very badly written, was the name of G. H. Thompson, and it corresponds to the name alleged in the information. No point is made that the name indorsed on the back is not that of the payee, but another.

III. Alleged errors in receiving and rejecting evidence, and in giving and refusing instructions, are not saved with particularity in the motions for new trial. [State v. Standifer, 289 S. W. l. c. 857.]

The judgment is affirmed. All concur.