THE STATE v. J. M. FORD, Appellant.

Division Two, March 7, 1921.

1. **LIMITATIONS: Absence from State: Question of Fact.** If the total number of months and days defendant was in Missouri between the date the crime of forgery was committed and the date the information was filed, when aggregated, amount to less than three years, his prosecution is not barred by limitations; and where there is substantial evidence that he was in this State less than three years between the two dates, and the issue of fact

State v. Ford.

is submitted to the jury in an appropriate instruction, their verdict concludes the question.

2. **FORGERY: Substantial Evidence: Intent.** Evidence that the signatures of the sureties on the promissory note were forged, that defendant knew they were not genuine, and that he uttered and offered the note to a bank and received value therefor, is sufficient to authorize a finding of an intent on defendant's part to injure and defraud, and to sustain a verdict finding him guilty of the crime of uttering a forged note.

3. ————: **Signature to Other Notes: Cross-Examination: Proof.** In the trial of defendant for having uttered a forged note, the forgery consisting of the signatures of the two sureties, a husband and wife, both denied their signatures on the note, and he admitted there was great similarity between the alleged forged signatures and their genuine signatures. On cross-examination counsel asked the witnesses if they had not signed many notes for defendant and really had no idea how many they had signed. The trial court sustained an objection to this line of examination, and thereupon defendant offered to make such proof, and the offer was rejected. *Held*, that the proffered proof bore directly upon a vital issue in the case, that it would have been of great assistance to the jury in determining the weight and credit to be given to the testimony of the sureties, that defendant was entitled to make it, if he could, and it must be assumed, in view of the rejected offer, that he could have made it.

*Held*, by WALKER, J., dissenting, that, the sureties having testified that they did not sign the note upon which the prosecution is based, a cross-examination as to whether they had signed other notes for defendant was permissible only for the purpose of testing their credibility, and it was not an abuse of the court's discretion to exclude it.

Appeal from Lawrence Circuit Court.—*Hon. C. H. Skinker*, Special Judge.

REVERSED AND REMANDED.

*Gabriel & Conkling* for appellant.

(1) The court erred in overruling the defendant's demurrer interposed at the close of the evidence on the part of the State, and again at the close of the entire evidence. (a) The evidence shows conclusively that the information was not filed until more than three

286 Mo.—40

years (excluding the time the defendant was out of the jurisdiction) had elapsed, after the date of the alleged offense on October 29, 1906. R. S. 1909, sec. 4945, 4947; State v. Snyder, 182 Mo. 462; Nodaway County v. Williams, 199 S. W. 224; McMillan v. Milling Co., 190 Mo. App. 340; McNeil v. Mo. Pac. Ry. Co., 182 S. W. 762; Sullivan v. Railway, 72 Mo. 195; State v. Hopper, 21 Mo. App. 510; State v. Myers, 68 Mo. 266. (b) The defendant was not convicted of the offense charged in the information but was convicted of an offense with which he has never been charged. Nodaway County v. Williams, 199 S. W. 224; McMillan v. Milling Co., 190 Mo. App. 340; 1 Greenleaf on Evidence (15 Ed.), sec. 51; 3 Rice on Crim. Ev. 168; Wharton's Crim. Ev. (9 Ed.) secs. 143-146; 1 Chit. on Crim. Law, 250; State ex rel. v. Ellison, 176 S. W. 11; State v. Herner, 48 Mo. 520; State v. Myers, 99 Mo. 107. (c) There is no sufficient and substantial evidence to support the verdict of the jury. State v. Bass, 251 Mo. 107; R. S. 1909, sec. 2022; Ridge v. Johnson, 129 Mo. App. 541; Sly v. Ry. Co., 134 Mo. 681. (d) There is a fatal variance between the note alleged, described, and set out in the indictment, and the note that was introduced in evidence by the State. State v. Fay, 65 Mo. 490; State v. Smith, 31 Mo. 120; State v. McNerney, 118 Mo. App. 60; State v. Chamberlain, 75 Mo. 382; State v. Chinn, 142 Mo. 507; Nodaway Co. v. Williams, 199 S. W. 224; State v. Owen, 73 Mo. 440; State v. English, 67 Mo. 136; Pitzer's Admr. v. Barrett, 34 Mo. 84; Green v. Kennedy, 6 Mo. App. 577; Dunlap v. Kelly, 115 Mo. App. 610; Hard v. Foster, 98 Mo. 297. (2) The court erred in refusing to admit proper, competent, relevant and material evidence offered by the defendant.

*Frank W. McAllister*, Attorney-General, and *George V. Berry*, Assistant Attorney-General, for respondent.

(1) The court was not in error in overruling defendant's demurrer. It was waived by offering evidence and there was ample evidence to take the case to the

jury. (a) The offense was not barred by the Statute of Limitations and there being substantial evidence to sustain the verdict, this court will not attempt to reconcile the conflict therein. State v. Gerhardt, 248 Mo. 544; State v. Douglass, 239 Mo. 678; State v. Kullman, 225 Mo. 629; State v. Miller, 188 Mo. 379; State v. Kosky, 191 Mo. 16; State v. Wigger, 196 Mo. 97; State v. Thomas, 155 Mo. 306. (b) Defendant was convicted of the offense with which he was charged, uttering a forged note to E. A. Liles, cashier. Sec. 4921, R. S. 1909; State v. Chissell, 245 Mo. 555; State v. Bell, 212 Mo. 127; State v. Harris, 209 Mo. 438; State v. Sakowski, 190 Mo. 647; State v. Hathorn, 166 Mo. 236. (c) There was substantial evidence to support the verdict, and, absent a showing of bias, prejudice or passion, this court will not disturb the finding of the jury. State v. Underwood, 263 Mo. 668; State v. Baker, 264 Mo. 351; State v. Maurer, 255 Mo. 168; State v. Concelia, 250 Mo. 425; State v. Bowen, 247 Mo. 595; State v. Reed, 237 Mo. 231; State v. Bell, 212 Mo. 127; State v. Oertel, 217 S. W. 65. (d) The note offered in evidence was sufficiently described in the information. Had there been a variance it was for the trial court to determine whether or not it was prejudicial. State v. Foley, 247 Mo. 633; State v. Terry, 109 Mo. 622; Sec. 5114, R. S. 1909; State v. Wade, 267 Mo. 266; State v. Sharpless, 212 Mo. 201; State v. Carrigan, 210 Mo. 371; State v. Dale, 141 Mo. 287; State v. Lamb, 141 Mo. 302; State v. Wammack, 70 Mo. 411. (2) The court did not err in admission and rejection of evidence. Had there been it was not saved for review. State v. Wellman, 253 Mo. 314; State v. Ferrell, 246 Mo. 331; State v. Dudley, 245 Mo. 183; State v. Witherspoon, 221 Mo. 720; State v. Crone, 209 Mo. 330; State v. Pyles, 206 Mo. 632; State v. Finn, 199 Mo. 603.

DAVID E. BLAIR, J.—After two mistrials appellant was convicted upon the third trial, under the second count of an information in accepted form, charging him

with the crime of uttering a forged note, in violation of the provisions of Section 4656, Revised Statutes 1909 (Sec. 3441, R. S. 1919), and after unsuccessful motion for a new trial was sentenced on the verdict of the jury to imprisonment in the State Penitentiary for a term of three years, and has appealed.

Defendant gave two notes, for value received, to the Peoples Bank of Aurora, Lawrence County, Missouri, for $2000 and $500 respectively. The information is based on the $2000 note. The alleged forger is as to the signatures on said note of his sureties, Geo. Swindle and Mollie Swindle. Mrs. Swindle was the sister of defendant.

The alleged uttering is charged to have occurred as of the date of the note, October 29, 1906. The alleged forgery of the signatures of the sureties was not discovered for some months, and not until after one or more renewals of the notes by the defendant. When presented to the Swindles for payment, they denounced their purported signatures as forgeries. It appears a suit on the notes was brought by the bank against the Swindles, which was unsuccessful.

Some time in the fall of 1908, and about two years after the delivery of the notes in controversy to the bank by the defendant, he left the State of Missouri and thereafter remained out of the State until he was brought back in August, 1916, by a detective named L. A. Woodley, who found him living at Granger, Washington, under the name of C. C. Hardcastle. It appears that defendant was brought back to Missouri on some charge other than the one in the case now before us. At the trial the defendant introduced testimony of his previous good character. Other facts necessary to the proper understanding of the assignments of error will be recited in the opinion.

I. The first question presented is whether the prosecution in this case is barred by the Statute of Limitations, which provides that prosecutions in this char-

Limitations. acter of cases must be commenced within three years after the commission of the offense, as provided by Section 4945, Revised Statutes 1909 (Sec. 3737, R. S. 1919).

The prosecution is clearly barred, unless the total elapsed time that defendant was in Missouri, from October 29, 1906, the date of the commission of the alleged offense, to September 10, 1917, the date the information was filed, is within the period of three years prescribed by the statute above referred to. The time defendant was out of the State is not considered in making this calculation. [Sec. 4947, R. S. 1909; Sec. 3739, R. S. 1919.]

There is a sharp conflict in the testimony of the witnesses, both as to the date of defendant's departure from Missouri, and as to the date of his return to this State. Much of the testimony on the part of the State is vague and uncertain. In the view we take of the matter it is not necessary to review this testimony. Counsel on both sides agree on October 29, 1906, as the proper date to take for the commission of the offense. It is the date of the defendant's departure from Missouri that is the subject of the greatest conflict in the testimony.

Witness Woodley, the detective who brought defendant back to Missouri, testified that defendant told him he left Missouri on September 15, 1908, and the same witness testified that he returned to Missouri with defendant on August 25, 1916. The defendant fixes the date of the return about August 21, 1916, but such difference is immaterial. The information was filed September 10, 1917. On the basis of Woodley's testimony, we make the following calculation: The elapsed time from October 29, 1906, to September 15, 1908, is one year, ten months and sixteen days, and from August 25, 1916, to September 10, 1917, one year and fifteen days, or a total elapsed time of two years, eleven months and one day.

It was the exclusive province of the jury, under the supervision of the trial judge, to determine this issue of fact, which was properly submitted in an appropriate instruction. The jury might have believed defendant's testimony that he left Barry County October 15, 1908, and finally left Missouri in November, 1908. It apparently did not believe it. It had the right to believe Woodley's testimony as to the admission of defendant that he left Missouri September 15, 1908. The finding of the jury concludes the matter.

II. Appellant contends that there is no substantial evidence in the record to support the verdict. We have just pointed out that there was ample evidence that the prosecution was begun within the time prescribed by law. There is evidence that the signatures of the Swindles on the note in question, purporting to create an obligation for the payment of money, where forged; that defendant knew they were not genuine signatures; that defendant uttered and offered the note to the bank and received value therefor. From these facts the jury was authorized to find an intent on the part of defendant to injure and defraud. The contention is without merit.

*Sufficient Evidence.*

III. Error is claimed by appellant because of variance between the allegation of the information that the note in question was uttered to one E. A. Liles, cashier, and the proof which shows delivery of the note to the bank. While this variance might be demonstrated to be harmless under the ruling of this court in State v. Allen, 171 Mo. 562, or because such variance was not found by the trial court to be material to the merits of the case or prejudicial to the defense of the defendant under the provisions of Section 5114, Revised Statutes 1909 (Sec. 3907, R. S. 1919), it is not necessary for us so to decide, and we do not do so because we have concluded this case must be remanded for a new trial, for reasons hereinafter stated. The question can and undoubtedly will be avoided upon

*Variance: Cashier for Bank.*

such retrial by proof in conformity with the charge in the information.

IV.   Appellant claims that there is a fatal variance between the note set out in the information and the note offered in evidence as "Exhibit A." It is true that there is a variance. Whether it is fatal or not, it is unnecessary to decide, because on a retrial of the case the prosecuting attorney, if so advised, may file an amended information to conform to the proof.

Allegata Et Probata.

V.   Appellant contends that error was committed by the trial court in the refusal of testimony offered by him. Witnesses Geo. Swindle and Mollie Swindle had denied their signatures on the note. Geo. Swindle had admitted the existence of great similarity between the alleged forged signatures and the genuine signatures of himself and wife, and that if he had not known the signatures were in fact not placed on the notes by himself and wife, he would have thought they were genuine signatures.

Defendant's counsel asked both George and Mollie Swindle when testifying as witnesses if they had not signed many notes for the defendant and really had no idea how many notes they had signed. The trial court sustained the State's objection to his line of examination and defendant duly offered to make such proof and the offer was rejected. The controversy over this line of cross-examination and the offers of proof by defendant occupy several pages of the record, but we do not think it necessary to set out the same in full.

On the facts in the record before us defendant was clearly entitled to this proof, if he could make it, and, for the purposes of this assignment of error, it must be assumed he could make it. Defendant claimed that his sister and brother-in-law (the Swindles) had previously signed several notes for him, that Mollie Swindle had also signed her husband's name to such notes by his authority, and that when he received from the bank

the note in question he sent it to his sister and her husband in the mail and in due time it was returned to him with their purported signatures thereon, and that he took the note to the bank and delivered it, believing it bore the genuine signatures of the Swindles. It was true there was testimony in the record of an admission by defendant that he signed the names of the Swindles on the note himself by the authority of the Swindles. This was denied by defendant on the trial.

Defendant was entitled to have the case fully submitted to the jury upon his theory that the note was in fact signed by the Swindles. In connection with the proof in the record before us of great similarity between the true and the alleged forged signatures of the Swindles and the admission of one of the bank officials, R. D. Liles, that he had testified to the genuineness of the signature of Mrs. Swindle in the suit against the Swindles on the note, the jury might well have believed that the Swindles were mistaken in their testimony that their signatures on the note in question were not genuine, if defendant had been permitted in cross-examining them to show that they had signed a great many other notes for him and really did not know just what notes they had signed. This evidence would have been of great assistance to the jury in determining the weight and credit to give to the testimony of the Swindles.

While the scope of the cross-examination on matters affecting the weight and credit to be given the testimony of witnesses is largely within the discretion of the trial court, the exercise of that discretion should be a sound one, and should not be used to exclude testimony having a direct bearing on an issue of vital importance in the case, such as the genuineness of the signatures of the Swindles on the note alleged to be a forgery. In Underhill on Criminal Evidence (2 Ed.), sec. 221, it is said:

"Where evidence from which an inference unfavorable to the prisoner is given upon the direct examination, everything within the knowledge of the witness and which may raise an inference to rebut, may be brought out on cross-examination."

This is true even though the cross-examination be in regard to matters entirely collateral to the issues in the case. While defendant could not have contradicted the Swindles if they had denied having signed so many notes for defendant that they did not know what notes they had signed, he was entitled to that admission from them on cross-examination, if he could secure it. The test as to whether defendant would have been permitted to introduce the testimony on direct examination is only applicable on the question of contradiction of testimony on collateral matters. [30 Am. & Eng. Ency. Law (2 Ed.), p. 1102.]

VI. Alleged error in admission of testimony offered by the State and in the giving of instructions need not be noticed here, for such questions will hardly arise on a retrial, in view of our ruling on the record before us.

For the aforesaid errors in sustaining objections to proper cross-examination by defendant of witnesses Geo. and Mollie Swindle, the judgment must be reversed and the cause remanded for a new trial. *Higbee, P. J.,* concurs; *Walker, J.,* dissents in separate opinion.

WALKER, J. (dissenting).—I do not concur in the conclusion reached by my learned brother that this case should be reversed on the ground that error was committed in refusing to permit the Swindles to be cross-examined as to whether they had not signed other notes for the defendant and did not know how many they had signed. These witnesses had sworn affirmatively on their direct examination that they did not sign the note upon which the prosecution was based. A cross-examination of the character here sought to be made is permissible only to test the credibility of the witnesses and is always within the discretion of the trial court.

The only exception to this rule in any wise absolute is when the cross-examination is in regard to transactions directly relevant to the crime charged and grow out of the examination in chief. It was not relevant to

the transaction that the Swindles had or had not signed other notes for the defendant except to test their credibility. Offered for this purpose, which constituted its sole ground of admissibility, it was not an abuse of the trial court's discretionary power in excluding it. Another test as to the admissibility of the character of testimony here sought to be introduced is: Would the defendant have been permitted to introduce this evidence on direct examination in his own behalf?

I am of the opinion, in view of the foregoing, that the refusal of the trial court to permit the Swindles to be cross-examined in the manner indicated does not constitute such prejudice as to authorize a reversal of this case, and that the judgment of the trial court should be affirmed.