STATE of Missouri, Respondent,

v.

Louis William WHITLEY, Appellant.

No. KCD 26728.

Missouri Court of Appeals,
Kansas City District.

Aug. 5, 1974.

Willard B. Bunch, Public Defender Sixteenth Judicial Circuit, Christopher Dye, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

A jury found defendant guilty of possessing a forged instrument with intent to utter it as true in violation of § 561.011, RSMo 1969, and assessed his punishment at two years. Judgment and sentence were rendered accordingly, and defendant appealed.

A brief summarization of the State's evidence discloses the following. On January 27, 1972, defendant entered a liquor and grocery store at 18th and Benton, Kansas City, Missouri, owned by Phillip Belano. Defendant presented a check to Belano seeking to have it cashed. The check was purportedly made by the Beloved Toy Company in favor of an Emmett Rolf, in the amount of $76.54. Belano had cashed checks of the Beloved Toy Company before and could tell that the maker's signature on the check was not an authorized signature. Belano excused himself and called Leonard Belove, president of the Beloved Toy Company, and was told by Belove not to cash the check. Belano identified State's Exhibit 3 as the check which defendant tried to cash.

Leonard Belove told Belano during the referred to telephone conversation that the check was a stolen check. Belove identified State's Exhibit 3 as a check which had been stolen from the Beloved Toy Company and stated that only four persons were authorized to sign checks for the Beloved Toy Company, none of whose signatures appeared on State's Exhibit 3. Beloved Toy Company did not have an Emmett Rolf on the payroll.

The State's final witness was Detective Richard Staab, who testified as to an extrajudicial statement made by defendant on January 27, 1972. According to Staab, defendant stated: that about three days prior to January 27, 1972, he was driving along 12th Street when he was waved down by a Negro man, whom he did not know; the man showed him about ten checks written on a toy company and asked him if he would like to buy them; he gave the man ten dollars for three of the checks, one of which was State's Exhibit 3, and at that time the man told him they were stolen; he knew that employees of the toy company cashed their checks at the liquor and grocery store at 18th and Benton and he went there and attempted to cash one of the checks.

Defendant initially complains that the trial court erred in overruling his mo-

tion to suppress the extrajudicial statement and erred in allowing it to be admitted into evidence. Defendant claims that the statement, analogous, for determining its admissibility, to a full confession of the charged offense, should have been suppressed and not admitted into evidence because it was induced by a police promise that if defendant made the statement a burglary charge would not be filed against him.

At the evidentiary hearing on the motion to suppress two witnesses were heard, defendant and Detective Staab. Their testimony was diametrically opposed—defendant saying the detective promised him if he confessed that a burglary charge would not be filed against him and the detective saying he did not promise defendant that a burglary charge would not be filed against him if he confessed.

The court found beyond a reasonable doubt that the statement was made voluntarily and was not impermissibly procured as alleged by defendant. On appeal, the question is whether the evidence was sufficient to sustain the trial court's finding that the statement was voluntarily given and not impermissibly procured as alleged by defendant. State v. Alewine, 474 S.W.2d 848 (Mo.1971); State v. Adams, 465 S.W. 2d 536 (Mo.1971). The testimony of Detective Staab, if believed, was sufficient evidence to sustain the trial court's finding. From the record, it is apparent that the court believed the testimony of Detective Staab and did not believe the testimony of defendant. The credibility of the witnesses was for the trial court to determine. State v. Alewine, supra; State v. Adams, supra. Defendant's initial complaint is ruled against him.

Defendant next complains that the trial court erred in permitting Leonard Belove to testify that the check was a stolen check. Defendant's argument is that this testimony constituted evidence of another crime for which he was not on trial. This complaint too is ruled against defendant.

█ Generally, proof of the commission of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to directly establish the accused's guilt of the crime for which he is on trial. State v. Wing, 455 S.W.2d 457, 464 (Mo.1970); State v. Kilgore, 447 S. W.2d 544 (Mo.1969). In this case, evidence that the check was stolen was properly admitted because it tended to show that the check was not issued to defendant, was forged, and that defendant knew it was forged and intended to pass it with intent to defraud. State v. Forbus, 332 S. W.2d 931, 934 (Mo.1960); State v. De-Poortere, 303 S.W.2d 920, 924 (Mo.1957).

Finally, defendant complains that the State failed to prove that he intended to defraud Belano and failed to prove that he knew the check was "illegally made or altered". His argument runs as follows: the State sought to prove that he intended to defraud Belano and that he knew the check was "illegally made or altered". His argument runs as follows: the State sought to prove that he intended to defraud Belano and that he knew the check was "illegally made or altered" by his extrajudicial statement that he purchased the check from a man who told him it was stolen; his extrajudicial statement was inadmissible, again, analogous, for determining its admissibility, to a full confession of the charged offense, because there was a lack of sufficient evidence, independent of his extrajudicial statement, tending to corroborate the truth of his extrajudicial statement; consequently, his extrajudicial statement being inadmissible, there was no evidence bearing on his intent to defraud Belano and knowledge on his part that the check was "illegally made or altered". Defendant's final complaint is ruled against him.

█ Full proof of the corpus delicti of the crime for which defendant was charged and tried, exclusive of and unaided by his extrajudicial statement, was not required. State v. Haun, 324 S.W.2d 679 (Mo.1959); State v. O'Neal, 436 S.W.2d

241 (Mo.1968); Kansas City v. Verstraete, 481 S.W.2d 615 (Mo.App.1972). If there was evidence of corroborating circumstances independent of defendant's extrajudicial statement, which tended to prove the offense by confirming matters related in his extrajudicial statement, both the corroborating circumstances and his extrajudicial statement may be considered in determining whether or not the corpus delicti was established. State v. Haun, supra; Kansas City v. Verstraete, supra.

■ In the instant case, evidence of corroborating facts and circumstances independent of defendant's extrajudicial statement, which tended to prove the offense by confirming matters related in defendant's extrajudicial statement, were: the check had been stolen from the Beloved Toy Company; the check was not signed by anyone having authority to sign checks for the Beloved Toy Company; the check was made payable to an Emmett Rolf who was not an employee of Beloved Toy Company; defendant was in possession of the check and attempted to cash it at the liquor and grocery store at 18th and Benton, Kansas City, Missouri. This evidence showed that defendant was in possession of a forged instrument and was attempting to pass it. This was sufficient evidence of corroborating circumstances, independent of defendant's extrajudicial statement, tending to prove the offense by confirming matters related in defendant's extrajudicial statement, thereby validating admittance of defendant's extrajudicial statement.

■■ Defendant's extrajudicial statement showed that he had knowledge of the stolen character of the check. This evidence tended to show that defendant knew the check to be forged. State v. DePoortere, supra; State v. Forbus, supra. In addition, evidence that defendant paid only ten dollars for a check made out for $76.54 tended to show his knowledge of the forged character of the check. When an accused acquires an instrument at a sub-

stantial discount, such is indicative of knowledge that it is a forgery. 37 C.J.S. Forgery § 92, p. 98. See also: Morgan v. State, 82 Tex.Cr.R. 615, 201 S.W. 654 (1918); Hurley v. State, 123 Tex.Cr.R. 26, 57 S.W.2d 580 (1933). There was sufficient evidence for the jury to find that defendant knew the check to be forged.

 There was also sufficient evidence that defendant intended to defraud Belano. It is elementary that the required intent to defraud need not be proved by direct testimony, but may be shown by accompanying circumstances. State v. Hickman, 411 S.W.2d 195 (Mo.1967). In this case, evidence that defendant knew the check was stolen, that he purchased it at a substantial discount, and that he attempted to pass the check, sufficiently authorized the jury to find that defendant intended to defraud Belano. See: State v. Forbus, supra; State v. DePoortere, supra; State v. Ford, 286 Mo. 624, 228 S.W. 480, 481 (Mo.1921).

Finding no error, the judgment is affirmed.

All concur.