**STATE of Missouri, Respondent,**

v.

**Cornell T. JONES, Appellant.**

**No. KCD 27492.**

Missouri Court of Appeals, Kansas City District.

June 2, 1975.

Motion for Rehearing and/or Transfer Denied July 7, 1975.

**436**

Willard B. Bunch, Public Defender, Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Defendant appeals his conviction under Section 561.011, RSMo 1969, V.A.M.S., of possessing with intent to utter as true a personal money order, knowing the same to have been altered with intent to defraud. The jury was unable to agree on punishment, and the court sentenced defendant to a term of three years imprisonment. On December 20, 1973, defendant entered the Hanna Standard Service Station in Kansas City, Missouri, and stated he had run out of gas. He wanted a can with some gas, and when he was told it would require a $5.00 deposit, he gave the attendant a personal money order in the amount of $125.00. The attendant stated he would have to show the money order to the manager and get his approval before he could accept the same. He also requested some identification from the defendant. In response to this request, the defendant gave the attendant his driver's license and the money order.

The attendant gave both items to the manager of the station who called the bank upon which the money order was drawn and learned the money order was stolen. At about the time the manager obtained the information as to the stolen nature of the money order, the defendant pushed his way into the manager's office and demanded to know the delay. The manager informed defendant he had learned the money order was stolen and the defendant thereupon attempted to grab the money order from the manager, but was unsuccessful. The defendant then left the station and started walking down 10th Street.

The manager called the police and in response thereto a Kansas City policeman arrived and one of the station employees caught up with the defendant in a truck and pointed him out to the policeman, who thereupon placed him under arrest.

At the trial the prosecuting attorney in his opening statement stated he would show

the money order was taken in an armed robbery but that the defendant was not identified as being one of the robbers. Later, in examining the manager of the Edison Credit Union, the State elicited testimony that the money order presented by the defendant at the service station had been taken from such credit union in the course of an armed robbery in August of 1973. The manager was asked if he recognized the defendant and he stated he did not, and he was further asked if the defendant was one of the men who held him up. The manager stated he could not recognize the defendant as one of the men who held up the credit union.

 Defendant's sole point on this appeal is the reference to the robbery in the opening statement and the questions to the credit union manager concerning the armed robbery violated the rule stated in *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (banc 1954) prohibiting proof of the commission of separate and distinct crimes. Defendant claims the above statement and questions show the commission of another crime by the defendant in this case.

There are two answers to the defendant's argument. The first is the State did not, in either its opening statement or its proof, purport to contend or prove that the defendant committed any crime other than the one for which he was being tried. The State in its opening statement told the jury it would show the defendant did not commit the robbery and the credit union manager stated he could not identify the defendant as one of those who did rob the credit union.

 The second answer is found in *State v. Whitley,* 512 S.W.2d 840 (Mo.App.1974) in which this court, in almost an identical situation, stated at page 842[2, 3]:

"In this case, evidence that the check was stolen was properly admitted because it tended to show that the check was not issued to defendant, was forged, and that the defendant knew it was forged and intended to pass it with intent to defraud."

This has been the holding also in *State v. Forbus,* 332 S.W.2d 931 (Mo.1960) and *State v. DePoortere,* 303 S.W.2d 920 (Mo.1957). For these reasons, the statement of the prosecutor and the questions asked of the credit union manager were not error.

The judgment is affirmed.

All concur.