**STATE of Missouri, Respondent,**

v.

**Bennie CRUSBY, Appellant.**

**No. 36742.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 29, 1976.

Motion for Rehearing or Transfer
Denied Aug. 18, 1976.

John C. Danforth, Atty. Gen., Preston Dean, Chief Counsel, Criminal Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, Kent W. Fanning, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

SMITH, Chief Judge.

Defendant appeals from his conviction by a jury of attempted burglary and the resultant four years sentence. Defendant challenges the sufficiency of the evidence to support the verdict.

No contention is made that the evidence produced was insufficient to establish an attempt to burglarize the Gervich Furniture Store in St. Louis. The challenge relates to defendant's participation in the attempt. The rear door of the store was pried open, setting off a burglar alarm at about 5 a. m. A crowbar was found near the door. Officer Bowman arrived at the scene while the alarm was sounding. He observed two men run from a position within five feet of the door out into an alley where they saw Bowman. They then ran but were apprehended within a minute or

two by other officers. Officer Wight saw two men matching the description given by Officer Bowman running together in the next block. Officer Bequette, in his vehicle, saw the two men running toward him, skidded his car between them causing them to go in different directions. He pursued defendant on foot, fired a warning shot and eventually overtook and captured defendant. The other man was captured almost simultaneously by another officer. The clothing of defendant and the other man, Steven Wright, matched the clothing described by Officer Bowman. Defendant was identified by Officer Bowman as one of the men he saw near the door of the store.

Despite five prior felony convictions, defendant testified. He stated that his truck had become disabled near the furniture store at midnight. He had left it and then returned to it at about 5 a. m. and was working on his truck near the rear entrance to the furniture store. He heard no burglar alarm and first became aware of anything happening when a policeman pulled up in a police car and immediately fired a shot. Defendant ran and was captured. He ran because he was afraid of being shot and because he had a criminal record. He did not see anyone else running and did not know Steven Wright. Officer Bowman had placed defendant, when he first saw him, at a location quite near the rear door, not next to the truck.

■ We find the evidence sufficient to support the verdict. While defendant relies heavily upon *State v. Castaldi*, 386 S.W.2d 392 (Mo.1965) we do not find this case comparable factually.[1] There defendant was standing in the vicinity of a crime without any indication of participation and with no evidence that he knew a crime was being committed. His leaving the area was described by the Court as "possibly flight" but equally explainable as simply his only way to get out of the woods back to St. Louis. All that was present to support the verdict was presence, suspicious circumstances and "possibly flight". We find more here. Two men, including defendant, are seen coming from the immediate area of a pried-in door at 5 a. m. while a burglar alarm is sounding. They see a police officer and run away together until split apart by a police car coming between them. Both are immediately thereafter captured. The evidence is sufficient to support the verdict.

■ Defendant further contends that the trial court erroneously admitted evidence showing the low percentage of times that soil samples and wood chip fragments have affirmatively established identifications. It is contended this testimony, by an expert, was irrelevant. It was not. Defendant had sought to create an inference that the negative results of those tests in this case supported his claim of innocence. It is permissible for the State to elicit testimony to explain the negative results. *See State v. Dethrow*, 510 S.W.2d 207[5, 6] (Mo.App. 1974). We do not find an abuse of discretion in permitting the testimony. *State v. Tevis*, 340 S.W.2d 415[10–13]. (Mo.App. 1960).

Judgment affirmed.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.

---

1. We find *State v. Eye*, 492 S.W.2d 166 (Mo.App.1973) equally distinguishable.