STATE of Missouri, Respondent,

v.

Cornelius WILLIAMS, Appellant.

No. 40539.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 19, 1980.

Roy A. Walther, III, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was tried by a jury and found guilty of possession of a Schedule I Controlled Substance. Section 195.020, RSMo 1969. The jury assessed his punishment at one year in the St. Louis Medium Security Institution. The court sentenced him in accordance with the jury verdict and we affirm.

Officer Richard Nagel was on patrol at 2:30 p. m., May 30, 1977, when he noticed a van parked so that it created a traffic hazard. He made a U-turn to see if the van was broken down, and pulled up behind the van with his roof lights on. A motorcycle was parked in front of the van. He walked up to the door of the van and through the window of the van he could see the defendant in the driver's seat and James Asher in the passenger seat. He also noticed a stack of money on the dash. There were two stacks of pink capsules on the console and defendant was taking about two at a time and placing them on the other side where Asher was picking them up. Officer Nagel knocked on the doors of both sides of the van but neither the defendant nor Asher would open the door. Officer Nagel then told them they were under arrest. Asher put something in defendant's right hand and defendant put it in his mouth and two or three pink capsules fell out of his hand as he did so. Officer Nagel estimated that Williams swallowed 20 to 30 of the capsules. Asher jumped out of the car and defendant drove off. Officer Nagel followed defendant, apprehending him at a traffic light. The van was then searched and three pink capsules were found which were later identified as heroin.

On appeal, defendant does not challenge the sufficiency of the evidence but contends the court erred in admitting the testimony of Dr. Poklis.

In the state's case-in-chief, the state presented Dr. Poklis, a toxicologist, who testified as to the effects of ingesting approximately the same amount of heroin that the state's evidence showed that defendant swallowed. He also read from a hospital report dated May 30, 1977, stating the condition of the defendant when examined that date: "[N]o apparent injuries; x-rays and laboratory none." The doctor testified that the fact that defendant showed no signs of ingestion within one half hour of ingesting the heroin would not necessarily exclude the possibility of such ingestion.

Defendant made a motion in limine prior to the doctor's testifying stating: "[W]hat he is going to testify to can be characterized as a collateral matter. In other words, he is going to contradict the point that an ingestion orally of heroin would not affect the individual—or would affect him. This is a collateral issue and not part of his case-in-chief." After the doctor testified, the defendant moved to strike the testimony.

The state suggests that we should dismiss defendant's brief because of its failure to comply with Rule 30.06(h). We decline to do so even though the brief leaves much to be desired in several respects.

It appears from the transcript that defense counsel made reference to defendant's physical condition after he was apprehended and indicated that he would present evidence from Dr. Poklis. Considering the posture of the case at the time the court admitted Dr. Poklis' testimony, we find no prejudicial error.

In admitting the testimony, the court relied upon *State v. Crusby*, 540 S.W.2d 99 (Mo.App. 1976). In that case, the defendant had sought to create an inference that negative results of soil sample and woodchip fragment tests supported his claim of innocence. It was held not error to allow

the state to show the low percentage of times the soil samples and woodchip fragments had affirmatively established identification.

The opinion in *Crusby* does not reveal whether the expert testified in rebuttal or the state's case–in–chief. The opinion states that the defendant had sought to create the inference that the negative results of those tests supported his claim of innocence.�‎ Here, in light of the defense counsel's opening statement and the evidence before the jury at the time, we believe that Dr. Poklis' testimony was properly admitted.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.