**STATE of Missouri, Respondent,**

v.

**Robert L. PHILLIPS, Appellant.**

**No. 32187.**

Missouri Court of Appeals, Western District.

Sept. 8, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and CLARK and LOWENSTEIN, JJ.

TURNAGE, Presiding Judge.

Robert L. Phillips was found guilty by a jury of three counts of forgery, § 570.090.-1(4), RSMo 1978. He was sentenced to serve two years on each count with the sentences to run consecutively.

On this appeal Phillips contends the court erred in admitting evidence that he stole a purse containing the check which was later forged. Affirmed.

In September, 1979, Gina Parker encountered Phillips as she was going to a job interview. Phillips displayed a knife and took Ms. Parker's purse, which contained her checkbook. On December 24, 1979, a man, later identified as Phillips, entered a grocery market and presented a check bearing Ms. Parker's name and address and purportedly signed by Ms. Parker, in the amount of $150.00. On December 26 and 29, a man, later identified as Phillips, passed two more checks purportedly written by Ms. Parker. In January, 1980, a woman appeared at the same grocery and presented a check purportedly written by Ms. Parker. The store by that time had learned the checks on Ms. Parker's account were forged, and when the woman presented the check the store refused to cash it. She thereupon beckoned to a man waiting in a car outside and he entered the store. The man was restrained and the police called. This man proved to be Robert Phillips and he was thereupon charged with three counts of forgery for the three checks which had been previously cashed at the store.

Prior to the beginning of the trial, Phillips moved the court to exclude any evidence of the taking of the purse by Phillips. The court ruled that it would exclude evidence concerning the knife, and allowed Ms. Parker to testify that she involuntarily gave her purse to Phillips. Ms. Parker positively identified Phillips, since the purse taking occurred in daylight and she had ample opportunity to identify him. She also identified him in court. Employees of the grocery store identified Phillips as the man who passed the three checks which were cashed.

The sole question presented is the admission of the evidence that Phillips took the purse. Under § 570.090.1(4) the State had the burden to prove that Phillips knew that the check he presented had not, in fact, been made out and signed by Ms. Parker, but was in fact a forgery. In *State v. DePoortere*, 303 S.W.2d 920, 924[2] (Mo. 1957), the court quoted from *State v. Tunnell*, 296 S.W. 423 (Mo.1927):

" '[R]elevant facts and circumstances which tend to establish any of the constitutive elements of the crime of which the defendant is accused in the case on trial, even though such facts and circumstances tend to prove the defendant has committed other crimes, are admissible.' [296 S.W. 427.]"

*DePoortere* held that in a prosecution for forgery it was admissible to show that the blank check had been stolen because it tended to show DePoortere's knowledge of the forgery and his intent to pass it. *DePoortere* has been followed in *State v. Forbus*, 332 S.W.2d 931, 934[2] (Mo.1960); *State v. Whitley*, 512 S.W.2d 840, 842[2, 3] (Mo. App.1974) and *State v. Jones*, 525 S.W.2d 435, 437[2] (Mo.App.1975).

The distinction between this case and the above cases is that here the evidence showed that Phillips actually took the purse containing the check which was later forged while the above cases did not show the defendant to have actually committed the stealing of the document later forged. However, that distinction would not make the evidence that Phillips took the purse from Ms. Parker inadmissible. More cogent evidence of Phillips' knowledge that the check he passed was forged cannot be imagined than to show that he actually obtained the blank check by theft.

The court did not err in admitting evidence that Phillips obtained the check, which he later forged, by theft. The judgment is affirmed.

All concur.