**STATE of Missouri, Respondent,**

v.

**Robert E. JACKSON, Appellant.**

**No. 62752.**

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1981.

Motion for Rehearing or in the Alternative
Application to Transfer to
Court En Banc
Denied Jan. 12, 1982.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

STOCKARD, Commissioner.

Robert E. Jackson was found guilty by a jury of burglary in the second degree, a Class C felony. The punishment was assessed at imprisonment for a term of two years and the defendant has appealed from the ensuing judgment.

Appellant first contends that the evidence was insufficient to support a conviction of burglary. He asserts that from the evidence it could only be reasonably found that he was present at the scene of the theft and that he thereafter fled. In reviewing the sufficiency of the evidence we accept as true all evidence tending to support the jury's finding of guilt, together with all favorable inferences that reasonably can be drawn therefrom. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980); *State v. Payne*, 612 S.W.2d 353 (Mo. App.1980).

A jury reasonably could find the following. In the early hours of January 30, 1979 the police were called to the Ford-Ideal Laundry when a burglar alarm signal light appeared in the office of the ADI Protection Service. A police officer who responded to the call saw fresh footprints in the four inches of recently fallen snow which he followed toward the laundry building. As he approached the chain link fence enclosing the laundry building, he heard a "thud" which sounded like "a door slamming shut." The officer ran to the fence and then saw appellant "running from the direction of the building toward the fence." Appellant was arrested as he attempted to squeeze through a narrow opening in the fence.

There were additional footprints in the snow leading from an unlocked rear door which had previously been locked late in the afternoon by one of the last employees to leave the building. On the low roof of a shed, underneath a broken window on the other side of the building, there was found a flour sack, and also several plastic bags containing coats and jackets which had been cleaned and were ready for delivery. The flour sack contained a pry bar and also a revolver and a television-radio combination which had been removed from the laundry owner's office. During the search of appellant the police found in one of his outer pockets a piece of glass with some putty on it which was similar to the glass and putty remaining in the broken window. In the interior of the building the "office had been ransacked, and the files broken into."

In support of his contention that the evidence authorized a finding of no more than his presence at the scene and his opportunity to commit the burglary, appellant cites *State v. Irby*, 423 S.W.2d 800 (Mo. 1968), and *State v. Castaldi*, 386 S.W.2d 392 (Mo.1965).

In the *Irby* case the evidence created a strong inference that another man, rather than the defendant, was the accomplice of a third person who was the known burglar. The defendant in that case was with the

known burglar and was at the scene immediately prior to the commission of the crime, but there was no substantial evidence of his participation in the burglary.

The *Castaldi* case also pertained to the accused being charged as an accomplice in another person's illegal activities. But his active participation was not established, and for that reason his presence and flight alone was not sufficient to authorize a finding of guilt.

In this case appellant is the sole suspect who was at or near the scene where a burglary had occurred. His presence and flight from the scene may be considered to be a circumstance indicating guilt. *State v. Burnley*, 480 S.W.2d 881 (Mo.1972). In addition, he was found at approximately 2:30 o'clock in the morning inside the fence enclosure where he had no right or permission to be. The police officer heard the sound of a door closing just before he saw the appellant running away from the building towards a small opening in the fence. The piece of glass with putty on it which was found in his pocket was a circumstance clearly indicating that he was at or near the window when it was broken, and that he was therefore near the low roof where items were found which had been removed from inside the laundry building.

"Although any fact can be established by circumstantial evidence, the circumstances must be such as are inconsistent with the defendant's innocence, but need not be absolutely conclusive of guilt." *State v. McGee*, 592 S.W.2d 886, 887 (Mo.App.1980). See also *State v. Dunn*, 615 S.W.2d 543 (Mo.App.1981). Although there was no eyewitness to the actual breaking, the circumstantial evidence amply supports the conclusion that someone burglarized the laundry building, and that the burglar was appellant. See *State v. Crusby*, 540 S.W.2d 99 (Mo.App.1976), distinguishing *State v. Castaldi*, supra.

■ Appellant's second point is that Instructions No. 5 and 6 did not satisfy the requirements of § 557.036.2 RSMo.1978, which requires that the jury be informed of the range of punishment authorized by statute and that they be directed "upon a finding of guilt to assess and declare the punishment as a part of their verdict." In support of this contention appellant asserts that the jury was not instructed that the court was authorized by § 560.011 RSMo. 1978, to impose a fine.

Instruction No. 5 was in the form of MAI–CR2d 23.52, and by it the jury was instructed as to the range of punishment it could assess in the form of imprisonment. Nothing was said about a fine. Instruction No. 6 was in the form of MAI–CR2d 2.60, and by it the jury was instructed that the court could sentence the defendant to (a) a term of imprisonment not to exceed the term assessed by the jury; (b) the payment of a fine the amount to be determined by the court; or (c) both such imprisonment and the payment of a fine. Nothing was said about the limits of a fine.

The precise contention presented here by appellant was ruled in *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981). The opinion in that case was handed down simultaneously with the opinion in this case. We need not set forth here the reasoning and rationale of the *Van Horn* case. It is sufficient to adopt here by reference the ruling there made. There is no merit to appellant's second point.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER, P. J., and HIGGINS and SEILER, JJ., concur.