STATE of Missouri, Respondent,

v.

Harold Graydon HILL, Appellant.

No. 43290.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Feb. 19, 1982.

David A. Horwitz, Lawrence Gordon,
Clayton, for appellant.

John Ashcroft, Paul Robert Otto, Kristie
Green, Jefferson City, George Westfall,
Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted of assault in the
second degree, a violation of section 565.060
RSMo. 1978, a class D felony, and was sen-
tenced to a five year term with the Depart-
ment of Corrections. On appeal, he alleges
the trial court erred in (1) overruling de-
fendant's request for a mistrial because of a
comment made by the prosecuting attorney
during closing argument, and (2) submit-
ting MAI–CR2d 2.60 and MAI–CR2d 2.12
modified by MAI–CR2d 19.04.2 because
they failed to adequately inform the jury it
could fine the defendant as a possible pun-
ishment alternative. We affirm.

Defendant does not challenge the suffi-
ciency of the evidence, so a brief statement

of the facts will suffice. The jury could have found that on the evening of January 21, 1980, after the victim, Stephen Pilla, left a 7–Eleven convenience store on Highway 141 in St. Louis County, he walked by a car in the parking lot driven by the defendant and which contained three or four other passengers. Remarks were exchanged between Pilla and one of the car's occupants. The defendant became angered by something Pilla said, left his car, hit Pilla in the face with his fist and then kneed him in the groin. After Pilla fell to the ground, another passenger in the car, Bobby Hansel, also left the car, approached the pair and hit Pilla twice with a steel rod. A bystander ran toward the victim, whereupon the defendant and Hansel returned to the car and drove away. A short time later, the St. Louis County Police gave pursuit. As the car pulled over to the side of the road, Clint Evans, uninvolved in the assault, jumped from the car and fled the scene. Defendant did not flee and was arrested.

■ Defendant's motion for new trial was untimely filed by two days. It is therefore a nullity, preserving nothing for review. *State v. Clark*, 432 S.W.2d 279, 281 (Mo.1968). We have examined the entire record including the briefs and find no plain error resulting in manifest injustice or a miscarriage of justice. Rule 29.12(b).

Defendant's first point of error relates to the prosecutor's comment made in the second half of closing argument as follows:

Mr. Horwitz then says, starts talking about Clint Evans. There was a question asked of one Officer if somebody else ran from the car and he said yes and all of a sudden Mr. Horwitz would start talking about Clint Evans and why did he run? In my opinion it has nothing to do with the case, really isn't an issue here why Clint Evans ran. Mr. Horwitz tells you he is an innocent man. He assumes he ran because he was innocent just [s]cared. *Well, at that time in fact he was wanted for burglary and since arrested.* (emphasis added).

The defense attorney objected that there was no evidence of a warrant for Evans' arrest and requested a mistrial. The judge sustained the objection and directed the jury to disregard the comment, but denied the motion for mistrial. The prosecuting attorney resumed and stated: "Clint Evans is not on trial. What Clint, why Clint Evans ran or didn't run really has nothing to do with this, really shouldn't have been brought into it."

■ It is well settled law in this state that the trial court has wide discretion in determining the latitude in permitting argument of counsel, *State v. Reynolds*, 608 S.W.2d 422, 426 (Mo.1980). We will not interfere with the trial court's discretion unless the argument is plainly unwarranted and clearly injurious. *State v. Hutchinson*, 458 S.W.2d 553, 556 (Mo. banc 1970).

Here, the record reveals the reason for Clint Evans' running was brought out by the defense attorney during his portion of closing argument in this manner:

What about Mr. Evans? The kid jumped out of the car just before the police got there. He wasn't even involved at all. Think about that and use your common sense. He wasn't involved at all. He just was in the car. Didn't hit anybody, didn't use a rod, didn't use his fist, and boy, as soon as they turned on those red lights, he jumped, he baled [sic] out. Why would he do it? Human nature. That's all I can tell you. It's human nature. But Mr. Garavaglia would have you believe that only truly guilty people of the highest degree would do that. Not necessarily. That man wasn't guilty of anything except maybe jumping out of a moving car.

■ A prosecutor may retaliate to an issue raised in defendant's closing argument even though the prosecutor's argument would otherwise not be proper. *State v. Leonard*, 606 S.W.2d 403, 410 (Mo.App. 1980). Evans did not testify. The state had the right to retaliate to the defense attorney's argument as to Evans' reasons for running, because there had been no evidence in the record to support the defense attorney's statement he ran because of "human nature."

We need not base our decision on that basis, though, because the trial court here

determined the prosecutor's remark was unwarranted, sustained defendant's objection and instructed the jury to disregard it. Further, the prosecuting attorney ameliorated any effect of his comment by telling the jury Clint Evans had no bearing on this case. A mistrial is only warranted in extraordinary circumstances if the prejudicial effect of the prosecutor's remarks can be removed in no other way. *State v. Reynolds,* 608 S.W.2d at 427. In light of the record before us, we find no manifest injustice or miscarriage of justice in the trial court's failure to grant a mistrial.

 Lastly, defendant asserts error because the trial court did not instruct as to the range of punishment authorized by the statute for second degree assault, a class D felony, in that it did not instruct the jury regarding the imposition of a fine. The jury was instructed in accordance with MAI–CR2d 2.60 and MAI–CR2d 2.12 as modified by MAI–CR2d 19.04.2. Defendant's contention has been laid to rest in *State v. Webbs,* 625 S.W.2d 879 (Mo.1981); *see, State v. Van Horn,* 625 S.W.2d 874 (Mo.1981), and *State v. Jackson,* 625 S.W.2d 627.

Affirmed.

SNYDER and CRIST, JJ., concur.