STATE of Missouri,
Plaintiff-Respondent,

v.

Glen Dale RECTOR,
Defendant-Appellant.

No. 12203.

Missouri Court of Appeals,
Southern District,
Division One.

March 5, 1982.

Dan K. Purdy, Osceola, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Glen Dale Rector, was jury-tried and convicted of the class B misdemeanor of operating a motor vehicle while in an intoxicated condition (§ 577.010).[1] The jury was unable to agree on punishment. Defendant was sentenced by the trial court to 30 days' confinement in the Cedar County jail. This appeal followed.

At trial, evidence sufficient to sustain the conviction came from two El Dorado Springs, Missouri police officers, William Hall and Lt. David Taylor. Hall testified that, about 2 a. m. on the morning of August 11, 1979, he observed an automobile being operated in an erratic manner upon a public street in El Dorado Springs, Missouri. The automobile was weaving back and forth across the center line of the street and, at one point, almost hit an automobile

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

going in the opposite direction. Hall stopped the car and asked the driver, who was the defendant, to get out. Hall noted a strong odor of intoxicants on defendant's breath, radioed Lt. Taylor to come to the scene, and gave defendant a field-sobriety test.

Defendant staggered and almost fell down while attempting to walk a straight line. With his eyes closed, defendant could not touch his nose with either hand. He could not correctly pronounce his ABC's. Defendant fell down while attempting to pick up coins that Hall had placed on the ground. Rector's speech was slurred, his eyes were red, and his clothing was disheveled. In Hall's opinion, defendant was intoxicated. Lt. Taylor, who came to the scene of the arrest, talked to defendant, smelled his breath, and watched Rector perform field tests. In Taylor's opinion, defendant was intoxicated.

Rector was then taken to the El Dorado Springs police station where Taylor, who was licensed by the Missouri Division of Health to maintain and test the accuracy of a breathalyzer machine (Type II permit) and to operate the machine (Type III permit), gave a breathalyzer test to Rector. He tested "0.18 of a percent blood-alcohol", which is well above 0.10 percent, the figure that indicates presumptive intoxication.

On appeal, defendant's first point relied on is that the trial court erred in admitting the results of the breathalyzer test into evidence, over objection, on the grounds that Lt. Taylor was not competent to testify as to the testing for accuracy of the breathalyzer machine. In his brief, defendant admits that Taylor, having been licensed by the Missouri Division of Health to maintain and test the machine, and to test individuals for blood-alcohol content, was "prima facie" qualified to administer the test, and to testify to the results thereof. He argues, however, that on cross-examination, Taylor revealed that he did not know the chemical contents of a solution sent to him by the Division of Health that was used in an accuracy test of the machine and, therefore, was not competent to testify that

the machine was working properly when tested.

Lt. Taylor's competence as an expert in the testing and operation of the breathalyzer machine was primarily a question for the trial court, and its action in overruling defendant's objection to the competence of Lt. Taylor to test the machine for accuracy and to administer the test to Rector will not be disturbed, in absence of a showing of a clear abuse of discretion. *State v. Hanrahan*, 523 S.W.2d 619, 621 (Mo.App.1975).

There was no evidence in this case that the machine was not operating properly. The qualifications of Taylor, by experience and training, to administer the test were not seriously questioned. He was licensed by the Division of Health to maintain and test the machine, as well as to administer tests to suspects. There was no evidence that Taylor did not comply with the regulations of the Division of Health in testing the machine for accuracy, or in administering the test to Rector. The results obtained from Rector's test were strongly confirmed by other evidence of his intoxication. The trial court did not abuse its discretion in overruling defendant's objection to the competency of Lt. Taylor to testify as an expert on the operation, accuracy, and use of the machine in question. The point is denied.

Defendant's remaining point is that the trial court erred in giving instruction four (verdict director) to the jury for the reason that the instruction did not advise the jury that they could, at their option, upon a finding of guilty, assess a fine as punishment. The instruction complained of is not contained in the record on appeal. It was defendant's duty to prepare a proper legal file. A reviewing court will not consider matters that are not properly presented for appellate review. *State v. Williams*, 521 S.W.2d 29, 30–31 (Mo.App.1975).

While we may, in proper cases, direct that the record be supplemented to correct omissions, Rule 30.04(h), we decline to do so in the absence of a showing of harmful error. *State v. Morris*, 523 S.W.2d 329, 330 (Mo.App.1975).

■ Here, defendant admits that instruction four was in the form approved by the Supreme Court of Missouri. MAI–CR2d 31.02 (incorrectly designated as MAI–CR 13.02 in defendant's brief). Further, we note that the jury, while finding defendant guilty of the offense, was unable to agree on punishment. Defendant does not explain in his brief, and the record does not support, why the jury, if advised that they could, upon a finding of guilt, assess a fine against the defendant, rather than impose jail time, would have done so. The point is based on sheer speculation. The failure to instruct the jury that they could, upon a finding of guilt, assess a fine against defendant, if error, which we doubt, was not harmful.

The sentence by the trial court of 30 days' confinement in the county jail was, in our opinion, most temperate, especially when defendant admitted, on cross-examination, that he had been previously convicted of driving while intoxicated and driving while his operator's license was suspended. The evidence of defendant's guilt was overwhelming, and the sentence was proper, under the law and the evidence. The point is denied.

The judgment and sentence of the trial court are affirmed.

All concur.