**STATE of Missouri, Respondent,**

v.

**Elmer PARTON, a/k/a Michael Parton, Michael Bradley, Gerald Johnston, Charles Watson, Appellant.**

**No. 44073.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

John T. McCaffrey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted of uttering a forged instrument, a violation of § 570.090.-

1(4),[1] RSMo. 1978[2] and was sentenced to ten years with the Department of Corrections as a persistent offender. He appeals claiming three instances of trial court error. Finding his allegations of error to be without merit, we affirm.

On May 7, 1980, a burglary occurred at Hale Motor Company in St. Louis, at which time, a company checkbook and check protector were taken. On July 1, 1980, the defendant presented a payroll check, number 8023, payable to Charlie Watson drawn on Hale Motor Company, in the amount of $192.33 to William Genematas, the bartender at Friendly's Tavern in St. Louis. The defendant endorsed the check in the bartender's presence. At that time, the tavern had insufficient funds on hand to cash the check so the bartender left the check for the proprietor, Lowell Hatfield, to cash the next day. After cashing the check, Hatfield delivered the proceeds to the defendant, whom he knew as Charlie Watson.

William Hale, President of Hale Motor Company, identified check number 8023 as one of the ones which had been stolen on May 7, 1980. He further testified he knew no one by the name of Charles Watson; he had not signed the check and had not given defendant permission to cash the check. Genematas identified defendant as the one who presented him the check and Hatfield identified defendant as the one to whom he gave the proceeds of the check.

■ In his first point on appeal, defendant alleges the trial court erred in allowing William Hale to testify to the theft of the company checks and check protector.

Normally, the proof of the commission of separate and distinct crimes is prohibited. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954). Defendant acknowledges, however, that in forgery cases, a trial court may admit evidence that a check was stolen, "because it [tends] to show that the check was not issued to defendant, was forged, and that the defendant knew it was forged and intended to pass it with intent to defraud." *State v. Jones*, 525 S.W.2d 435, 437 (Mo.App.1975), quoting from *State v. Whitley*, 512 S.W.2d 840, 842 (Mo.App. 1974).

Defendant asserts *Jones* can be distinguished because there, the prosecutor stated on the record to the jury that the defendant was not responsible for the theft of the checks. He then argues that here, the state made no such statement to the jury, but instead allowed the jury to speculate that the defendant participated in the robbery.

While defendant is correct as to the factual difference between *Jones* and the case at bar, we do not think a different result is warranted. A careful examination of *Jones* reveals that the distinction noted by defendant was not the basis for the court's decision, rather the court based its ruling on *State v. Whitley*, 512 S.W.2d 840 (Mo.App. 1974), which in turn relied on *State v. Forbus*, 332 S.W.2d 931 (Mo.1960) and *State v. DePoortere*, 303 S.W.2d 920 (Mo.1957).

In *State v. DePoortere*, defendant was charged with forgery, second degree, a violation of § 561.011 RSMo.Supp.1975, the predecessor to the current law in force, § 570.090. There, the defendant presented a Blackwood and Company payroll check to a retail clothing store clerk for the payment

---

1. Section 570.090.1 provides that:
   [a] person commits the crime of forgery if, with the purpose to defraud, he
   (1) Makes, completes, alters or authenticates any writing so that it purports to have been made by another or at another time or place or in a numbered sequence other than was in fact the case or with different terms or by authority of one who did not give such authority; or
   (2) Erases, obliterates or destroys any writings; or
   (3) Makes or alters anything other than a writing, so that it purports to have a genuine-

   ness, antiquity, rarity, ownership or authorship which it does not possess; or
   (4) Uses as genuine, or possesses for the purpose of using as genuine, or transfers with the knowledge or belief that it will be used as genuine, any writing or other thing which the actor knows has been made or altered in the manner described in this section.

2. All citations are to RSMo.1978, unless otherwise indicated.

of merchandise. Over defendant's objection, the proprietor of Blackwood and Company testified that his place of business had been burglarized and blank checks and a check protector had been taken. He identified the check in question as one of the missing checks. The prosecutor did not absolve defendant of guilt in the theft as the prosecutor did in *Jones.* The Supreme Court held that though the testimony of the theft constituted proof of separate and distinct crimes it was relevant to show defendant's knowledge that the check was forged and counterfeited and his intent to have it passed.

In *State v. Forbus,* 332 S.W.2d 931 (Mo. 1960), a similar result was reached. Both *Forbus* and *DePoortere* were relied on by the Western District in *State v. Whitley,* 512 S.W.2d 840 (Mo.App.1974).

We find nothing in *Forbus, DePoortere, Whitley* or *Jones* which compels us to reach a different result than that reached by the trial court. The testimony was admissible because it had a legitimate tendency to establish the defendant's guilt of the charge for which he was on trial.

■ In defendant's second point, he alleges the trial court erred in submitting to the jury Instruction No. 6, modeled after MAI–CR2d 2.60 because it failed to properly inform the jury of the range of the fine which could have been assessed as part of defendant's punishment.

The jury was properly instructed in accordance with MAI–CR2d 2.60. Defendant's contention has been laid to rest by the trilogy of *State v. Van Horn,* 625 S.W.2d 874, 876–78 (Mo.1981); *State v. Webbs,* 625 S.W.2d 879 (Mo.1981) and *State v. Jackson,* 625 S.W.2d 627 (Mo.1981).

■ Defendant in his final point contends the trial court erred in allowing the state to amend the information to correctly charge the date of one of defendant's previous convictions, during the persistent offender hearing. We find no merit to his point.

Defendant was initially charged as a persistent offender under § 558.016.2 and § 558.021 because he had been previously convicted on March 16, 1976, of the felony of obtaining money by means of a bogus check in the Circuit Court of St. Louis and on March 16, 1975, of the felony of uttering a forged instrument in the Circuit Court of St. Louis.

After the verdict and during the persistent offender hearing required under § 558.-021, the state moved to amend the date of the second offense referred to in the information above from March 16, 1975, to March 16, 1976. The trial court permitted the amendment. The court records relating to the two convictions were duly admitted into evidence and the court found the defendant to be a persistent offender and sentenced him accordingly.

Supreme Court Rule 23.08 allows any information to be amended "at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced."

Here the information originally charged the defendant as a persistent offender. The defendant thus had notice that he was so charged prior to the persistent offender hearing. The question then is whether the defendant's substantial rights were prejudiced. "[T]he test of prejudice in this regard is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment." *State v. Leake,* 608 S.W.2d 564, 565 (Mo.App.1980).

Applying this standard, we discern no prejudice to defendant and rule this point against him.[3]

Affirmed.

SNYDER and CRIST, JJ., concur.

---

3. Defendant has filed a *pro se* supplementary point relied on, attacking only the enhanced punishment he received as a persistent offend-

er. His 15 paragraph point relied on wholly fails to comply with Rule 84.24. Nonetheless,

we have reviewed it and find no merit to his