**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Lonnie Ray ANDERS,
Defendant-Appellant.**

**No. 12497.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 24, 1982.

No appearance for plaintiff-respondent.

Willard B. Bunch, John Edward Cash, Kansas City, for defendant-appellant.

PREWITT, Judge.

A jury found defendant guilty of driving while intoxicated, "first offense", a class B misdemeanor. § 577.010, RSMo 1978. They set punishment at seven days' imprisonment. The trial court fined defendant five hundred dollars and did not sentence him to imprisonment. Defendant was tried on June 24, 1981, and sentenced October 16, 1981.

Defendant contends that the trial court erred by submitting a verdict directing instruction patterned after MAI–CR 2d 31.02 because it failed to "instruct the jury as to the range of punishment authorized by statute," as required by § 557.036.2, RSMo 1978,[1] specifically by not advising that a fine could be recommended in lieu of imprisonment. Defendant relies on *State v. Blake,* 620 S.W.2d 359 (Mo. banc 1981), handed down on September 8, as being "almost squarely in point". It also involved a class B misdemeanor of driving while intoxicated, and the same contention made here. After reversal on other grounds, the court gave a suggested revision of the instruction pending a formal change in it. Based on *Blake, State v. Johnson,* 625 S.W.2d 934 (Mo.App.1981), decided December 8, reversed and remanded for a new trial a driving while intoxicated conviction.

*State v. Van Horn,* 625 S.W.2d 874 (Mo. 1981), decided December 14, holds that in-

---

1. Now § 557.036.2, RSMo Supp.1981.

structing a jury of the punishment it might assess without mentioning a fine is not error. It states that the court and not the jury has the option to impose a fine in addition to or in lieu of a term of imprisonment and that the modification suggested in *Blake* was applicable to that case only. 625 S.W.2d at 877–878. See also *State v. Bradford,* 627 S.W.2d 281, 284 (Mo.1982). We see no reason why there would be one rule for driving while intoxicated cases and another for other offenses. We believe that *Van Horn* controls, and that giving the instruction was not reversible error. Other decisions that we have examined fortify this belief.[2]

The judgment is affirmed.

GREENE, C. J., and FLANIGAN and TITUS, JJ., concur.

**2.** See *State v. Moland,* 626 S.W.2d 368 (Mo. 1982); *State v. Webbs,* 625 S.W.2d 879 (Mo. 1981); *State v. Jackson,* 625 S.W.2d 627 (Mo. 1981); *State v. Dunlap,* 639 S.W.2d 201 (Mo. App.1982); *State v. Banner,* 639 S.W.2d 869 (Mo.App.1982); *State v. Shepherd,* 633 S.W. 2d 206 (Mo.App.1982); *State v. Slater,* 633 S.W.2d 439 (Mo.App.1982); *State v. Rector,* 630 S.W.2d 603 (Mo.App.1982); *State v. Brewer,* 630 S.W.2d 591 (Mo.App.1982); *State v. Hill,* 628 S.W.2d 361 (Mo.App.1981); *State v. Nichols,* 624 S.W.2d 109 (Mo.App.1981).